**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

TONI DAVIS,

Plaintiff,

v. Case No. 2:25-cv-694-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.
_________________________________/

## OPINION AND ORDER[1]

## I. Status

Toni Davis ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") partially favorable final decision granting her claim for supplemental security income ("SSI") with an established disability onset date of January 18, 2024, but finding that Plaintiff was not disabled through her date last insured of December 31, 2017 and therefore denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of post-traumatic stress disorder, bipolar disorder,

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

anxiety, arthritis, herniated discs, and pinched nerves in her spine. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed September 26, 2025, at 57-58, 73-74, 86, 98-99, 266.[2]

On November 7, 2018, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of January 1, 2016 in the DIB application and January 1, 1995 in the SSI application. Tr. at 229-32 (DIB), 223-28, 234-43 (SSI).[3] The alleged disability onset date was later amended to October 31, 2017. Tr. at 45-46, 358. The applications were denied initially, Tr. at 73-82, 83, 124, 127-29 (DIB); Tr. at 57-72, 84, 134, 137-39 (SSI), and upon reconsideration, Tr. at 85-97, 118, 146, 149-54 (DIB); Tr. at 98-117, 119, 162, 165-70 (SSI).

On August 12, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which she took testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] Tr. at 33-55. On September 2, 2020, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision. Tr. at 10-26.

Thereafter, Plaintiff requested review of the decision by the Appeals

---

[2] Some documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[3] The application summaries indicate the applications were completed on November 9, 2018 and November 7, 2018, respectively. See Tr. at 229 (DIB), 223 (SSI). The SSI application was actually signed on November 10, 2018. Tr. at 243. The protective filing date for both applications is listed in the administrative transcript as November 7, 2018. Tr. at 73, 86 (DIB), 57, 98 (SSI).

[4] The hearing was held via telephone, with Plaintiff's consent. Tr. at 35, 358.

Council and submitted a brief authored by her lawyer. Tr. at 4-5 (Appeals Council exhibit list and order), 216-19 (request for review), 360-62 (brief). On January 8, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's decision the final decision of the Commissioner.

On February 24, 2021, Plaintiff appealed to this Court. Tr. at 848-50. On Defendant's unopposed motion, this Court on December 20, 2021 entered an Order reversing the matter and remanding it to the Commissioner with instructions. Tr. at 856-57; see also Tr. at 853 (Judgment).

On April 28, 2022, the Appeals Council remanded the matter to the ALJ. Tr. at 841-44. The ALJ held a hearing[5] on August 8, 2022, during which she took testimony from Plaintiff (represented by counsel), a VE, and David Golley, Plaintiff's sons' father with whom Plaintiff lived. Tr. at 802-39. By this time, Plaintiff was fifty-three (53) years old. Tr. at 805. The ALJ issued a decision on August 23, 2022 finding Plaintiff was not disabled through the date of the decision. Tr. at 659-87. Plaintiff filed exceptions to the decision, Tr. at 653-54 (exhibit list and Order), 694-795 (exceptions, cover sheets, and exhibits), but the Appeals Council on September 16, 2023 declined to assume jurisdiction, Tr. at 649-52, making the ALJ's decision the final decision of the Commissioner.

---

[5] This hearing was also held telephonically with Plaintiff's consent. Tr. at 805.

On October 10, 2023, Plaintiff appealed to this Court. Tr. at 1147-50. On Defendant's unopposed motion, this Court on April 11, 2024 entered an Order reversing the matter and remanding it to the Commissioner with instructions. Tr. at 1152-53; see also Tr. at 1154 (Judgment).

The Appeals Council on August 7, 2024 remanded the matter to another ALJ. Tr. at 1143-44. The ALJ held a hearing[6] on April 2, 2025, taking testimony from Plaintiff (represented by counsel) and a VE. Tr. at 1078-1102. On May 12, 2025, the ALJ issued a Decision finding Plaintiff not disabled through the date she was last insured for DIB, but disabled beginning on January 18, 2024 through the date of the Decision. Tr. at 1045-67. The effect was that Plaintiff's application for DIB was denied, and the application for SSI was granted with an established disability onset date of January 18, 2024. See Tr. at 1067. The Appeals Council declined to assume jurisdiction, making the ALJ's Decision the final decision of the Commissioner. On August 6, 2025, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in: 1) evaluating the opinions of state-agency psychological consultants; 2) failing to rule on an objection to

[6] This hearing was also held telephonically with Plaintiff's consent. Tr. at 1080, 1170.

evidence from a consultative examination by Sean Kibria, DPM, and possibly misidentifying Mr. Kibria as a doctor; 3) failing to identify jobs that require only very short on-the-job training; and 4) failing to present a complete hypothetical question to the VE that comprised of all accepted limitations of the state-agency psychological consultants. Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 16; "Pl.'s Mem."), filed November 14, 2025, at 1-2; see also id. at 6, 13, 16, 20. On December 15, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") [7] addressing Plaintiff's arguments. On December 23, 2025, Plaintiff's Reply Brief (Doc. No. 18; "Reply") was filed.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the state-agency psychological consultants' opinions (Plaintiff's issue one). [8] On remand, this reconsideration may impact the Administration's consideration of

---

[7] In violation of Local Rule 1.08, Def.'s Mem. does not contain page numbers. Citations are to the pagination assigned by the Court's electronic filing system (CM/ECF).

[8] Plaintiff seeks a reversal with a direction that the SSA award benefits, or alternatively, reversal with remand. Pl.'s Mem. at 23. Although generally cases are remanded to the Commissioner for further proceedings, it may be appropriate to remand only for an award of disability benefits when the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citing Bowen v. Heckler, 748 F.2d 629, 635-36 (11th Cir. 1984)). This is not the type of case in which a direction for an award of benefits is appropriate, because disability has not been established without any doubt.

the remaining issues on appeal. For this reason, the Court need not address the parties' arguments on those issues. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[9] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).

[9] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 1048-67. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 31, 2017, the amended alleged onset date." Tr. at 1048 (emphasis and citation omitted). At step two, the ALJ found:

> Since the amended alleged onset date of disability, October 31, 2017, [Plaintiff] has had the following severe impairments: degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; osteoarthritis of the knees; chronic obstructive pulmonary disease (COPD); hypertension; obesity; posttraumatic stress disorder (PTSD); anxiety; and depression.

Tr. at 1048 (emphasis and citation omitted). At step three, the ALJ found that "Since October 31, 2017, [Plaintiff] has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 1049 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [S]ince January 1, 2016, [Plaintiff can]: lift/carry 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight hour workday; stand and/or walk for six hours in an eight hour workday; occasional

> climbing of ramps or stairs but no climbing of ladders, ropes or scaffolds; frequent balancing; occasional stooping, kneeling and crouching; no crawling; frequent overhead reaching with the right upper extremity; frequent handling and fingering; must avoid concentrated exposure to extreme cold, vibration and pulmonary irritants such as fumes, odors, dusts and gases; no exposure to hazardous machinery or unprotected heights; able to understand, remember and carry out simple instructions; able to use judgment to make simple work-related decisions; able to adapt to occasional changes in routine work setting; occasional interaction with coworkers and supervisors, and no interaction with the public.

Tr. at 1053 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that "Since October 31, 2017, [Plaintiff] has been unable to perform any past relevant work." Tr. at 1065 (citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry, first noting Plaintiff's change in age category on January 18, 2024 to "an individual of advanced age." Tr. at 1065. After considering Plaintiff's age, education ("at least a high school education"), work experience, and RFC, the ALJ found prior to January 18, 2024 that there were jobs existing in significant numbers in the national economy Plaintiff could have performed, including "Price marker," "Routing clerk," and "Small parts assembler." Tr. at 1065-66. For January 18, 2024 forward, the ALJ relied on the Medical-Vocational Guidelines, 20 C.F.R. Part 404 Subpart P, Appendix 2 (Grids) and found "there are no jobs that exist in significant

numbers in the national economy that [Plaintiff] can perform." Tr. at 1066-67 (some emphasis and citation omitted). The ALJ concluded Plaintiff "was not disabled prior to January 18, 2024, but became disabled on that date and has continued to be disabled through the date of th[e D]ecision." Tr. at 1067 (emphasis and citation omitted). Because Plaintiff was last insured for DIB on December 31, 2017, that claim was denied, and the SSI claim was granted with an established onset disability date of January 18, 2024. See Tr. at 1067.

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to

reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in evaluating the opinions of state-agency psychological consultants Julie Bruno, Psy.D. and Eric Wiener, Ph.D., particularly their conclusion that Plaintiff is limited to two-step tasks. Pl.'s Mem. at 6-12. In support, Plaintiff contends the ALJ found the opinions "persuasive" or "partially persuasive," depending on which part of the ALJ's analysis is accepted, but failed to address the two-step task limitation which resulted in VE testimony that Plaintiff can perform less limited work than Drs. Bruno and Wiener opined. Id. at 6-8; see Reply at 1-2. Responding, Defendant contends "the ALJ reasonably explained why he did not find Plaintiff limited to two-step tasks." Def.'s Mem. at 6 (some capitalization and italics omitted).

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18,

2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[10] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

[10] Plaintiff filed her applications after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[11]

Here, Dr. Bruno reviewed the file and opined on April 26, 2019 that from a mental standpoint, Plaintiff "can engage in two step tasks," among other

[11] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

restrictions. Tr. at 70-71. Dr. Wiener on February 19, 2020 made the same finding. Tr. at 115-16. The ALJ addressed both opinions generally as follows:

> The state agency mental health consultants[[12]] opined upon initial and reconsideration review, that respect to [the SSI claim, Plaintiff] is capable of simple, routine tasks. The state agency psychological opinion is persuasive as [Plaintiff] is no more less [sic] limited than assessed, supported and consistent with the record. The opinion is generally well supported, and generally consistent with the evidence of record. However, the evidence of record, including objective findings by Ms. Breitzig, showing normal more than moderate [sic] psychiatric limitations; normal mental status examination findings by Ms. Jagodzinski; improved mental status upon on discharge from a November 2019 voluntary admission; treatment records showing generally stable symptoms and essentially normal mental status examination findings by PA-C Patterson, into February 2025; and [Plaintiff's] reported high level of daily functioning, as above, show [Plaintiff] is more limited than assessed with respect to understanding, remembering and applying information, consistent with the evidence of record. For these reasons, the opinion is partially persuasive.

Tr. at 1063 (emphasis added, citations omitted).

The ALJ's analysis of these psychological opinions leaves judicial review frustrated such that reversal and remand for reconsideration are necessary. Initially, the ALJ finds the opinions "persuasive," seemingly accepting them on

---

[12] The ALJ did not refer to Drs. Bruno and Wiener by name, but he cited Exhibits 1A and 6A, see Tr. at 1063, which contain their opinions, see Tr. at 57-72 (Ex. 1A), 98-117 (Ex. 6A).

the whole. Tr. at 1063. But then, the ALJ goes on to attempt to explain a number of matters which are challenging for the Court to understand. The ALJ's very next sentence contains at least one superfluous word which changes the meaning of the sentence: it could be intended as "no more" or "no . . . less." Tr. at 1063. The ALJ later summarizes the various evidence on the mental limitations issue, indicating that Ms. Breitzig's findings showed "normal more than moderate [sic] psychiatric limitations," Tr. at 1063, which is difficult to interpret because "normal" limitations would not seem to correlate with "more than moderate" limitations. Ultimately, the ALJ found the evidence shows Plaintiff is "more limited than assessed" by Drs. Bruno and Wiener on understanding, remembering, and applying information. Tr. at 1063. Of course, the ALJ's assigned RFC actually finds Plaintiff <u>less</u> limited than did these psychological consultants, <u>see</u> Tr. at 1053, and resulted in VE testimony and step five findings that Plaintiff can perform work that requires more than two step tasks, <u>see</u> Tr. at 1094 (VE testimony), 1066 (ALJ finding Plaintiff can perform jobs all with GED reasoning level 2, allowing for carrying out detailed but uninvolved instructions).

The only part of this tortured analysis that Defendant addresses in defending the Commissioner's final decision is: "the statement that Plaintiff was 'more' limited in that area of functioning was a scrivener's error and . . . the ALJ intended to find that Plaintiff was less limited in understanding,

remembering, and applying information." Def.'s Mem. at 7. So, essentially, Defendant contends the Court should find "more" means "less." Even if the Court were inclined to do so (it is not), the remaining issues with the ALJ's analysis and the ALJ's election not to address the specifics of the consultants' "two step tasks" findings leave the Court unable to determine whether the ALJ's Decision is supported by substantial evidence. See, e.g., Weidlich v. Comm'r of Soc. Sec., 2023 WL 8015753, at *2 (11th Cir. 2023) (when an assigned RFC conflicted with a medical opinion that the ALJ found generally persuasive, finding "the absence of a clear explanation violates SSR 96-8p and constitutes reversible error"). The matter must be reversed and remanded for reconsideration of the opinions of Drs. Bruno and Wiener.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reevaluate the opinions of non-examining psychological consultants Drs. Bruno and Wiener regarding Plaintiff's mental limitations;

(B) If necessary, address Plaintiff's other arguments in this appeal; and

(C) Take such other action as may be necessary to resolve these claims properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 10, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record